IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 13-82-BLG-SPW |
|---|---|
| Plaintiff/Respondent, | CV 16-92-BLG-SPW |
| vs. | ORDER DENYING |
| | § 2255 MOTION AND DENYING |
| CHASTITY LONE ELK, | CERTIFICATE OF APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Defendant Lone Elk is a federal prisoner proceeding pro se. She seeks relief under the rule of *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

Lone Elk pled guilty to one count of conspiring to possess at least 500 grams of a substance containing methamphetamine with intent to distribute it, a violation of 21 U.S.C. §§ 846 and 841 (Count 1); and one count of possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 4).

1

Neither the offenses to which Lone Elk pled guilty nor any part of her advisory guideline calculation required the Court to determine the scope of a residual clause of the sort the *Johnson* Court declared unconstitutionally vague. Some convictions under 18 U.S.C. § 924(c)(1)(A) require the sentencing court to determine whether the defendant committed a "crime of violence." But Lone Elk was convicted under § 924(c) because she possessed a firearm in connection with a drug trafficking crime, not in connection with a crime of violence. *Johnson* does not apply to Lone Elk's case.

A certificate of appealability is not warranted. Lone Elk has not made a showing that she was deprived of a constitutional right. Because *Johnson* is not implicated here, reasonable jurists would find no basis to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Lone Elk's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 40) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Lone Elk files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-92-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Lone Elk.

DATED this 28th day of June, 2016.

*Susan P. Watters*
Susan P. Watters
United States District Court